## Henry McAlevy, Appellee, v. City of Chicago et al., Appellants.

### Gen. No. 22,572. (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. WILLIAM FENIMORE COOPER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1916. Reversed. Opinion filed October 9, 1917. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Petition of mandamus by Henry McAlevy, petitioner, against the City of Chicago, William H. Thompson, mayor, Charles C. Healy, general superintendent of police, Percy B. Coffin, Charles E. Frazier and Joseph P. Geary, civil service commissioners, respondents, for reinstatement as patrolman on the police force of the City of Chicago. From a judgment commanding respondents to place petitioner's name on the civil service list of the city and the pay roll of its police patrolmen, respondents appeal.

SAMUEL A. ETTELSON, for appellants; ROY S. GASKILL, of counsel.

A. B. CHILCOAT and ROBERT D. MELICK, for appellee.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

1. CIVIL SERVICE, § 27*—*when police patrolman guilty of laches in seeking reinstatement.* A police patrolman is guilty of laches in seeking to be reinstated as patrolman on the police force of a city where he files the original petition more than fifteen months after his name has been dropped from the pay roll and his services dispensed with, and a demurrer is filed three days later, and nothing

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

more is done until about twenty-seven months later, when an order setting aside a previous order of dismissal and reinstating the cause is made, and an amended petition is filed one month later.

2. MUNICIPAL CORPORATIONS, § 13*—*what was effect of organization of City of Chicago under Cities and Villages Act as to continuance of position of police patrolman as city office.* The organization of the City of Chicago under the Cities and Villages Act (J. & A. ¶ 1271 *et seq.*), affected an abolition of all city offices not thereby continued or created, and a repeal of all provisions in previous acts inconsistent therewith, and such previous acts were inconsistent with the provisions of the Cities and Villages Act as to continuance of the position of police patrolman as a city office.

3. MANDAMUS, § 139*—*when petition of mandamus for reinstatement of police patrolman shows no legal right to position as public office.* A petition for reinstatement of patrolman on the police force of the City of Chicago which does not show that the steps required by the Cities and Villages Act necessary to the creation of any other office than those created by the act have been taken to establish the position of police patrolman as a city office as designated in said act, shows no legal right of petitioner to the position as a public or city office.

4. MANDAMUS, § 139*—*when petition of mandamus for reinstatement of patrolman on police force does not show appointment.* A petition of mandamus for reinstatement of a patrolman on the police force of the City of Chicago which sets forth the adoption of the Civil Service Act (J. & A. ¶ 1799 *et seq.*) by the city, the classification by the Commission of places of employment thereunder including "persons in the uniformed police force," and the qualifications of petitioner for the position of police patrolman, and avers that he took the civil service examination and "passed as being duly qualified for the office of police patrolman" in the year 1902, and on January 21, 1903 "was appointed" to said office by the then superintendent of police, and took the prescribed oath, entered upon the duties of such office and has never been legally removed, is insufficient to show that petitioner was ever legally appointed as police patrolman classified as such under such act, such averment as to appointment being the mere conclusion of the pleading.

5. MANDAMUS, § 126*—*how petition for mandamus for reinstatement of patrolman construed.* A petition for mandamus for reinstatement of a patrolman on the police force of a city under the Civil Service Act must be taken most strongly against the pleader.

6. MANDAMUS, § 139*—*what are essentials of petition for mandamus for reinstatement of police patrolman.* A petition for mandamus for reinstatement of a patrolman on the police force of the City of Chicago must show that the petitioner was an officer *de jure* and not merely a *de facto* policeman.

†See **Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly,** same topic and section number.